## CLIFTON MANUFACTURING CO. *v.* UNITED STATES.

No. 146.   Argued October 17, 1934.—Decided November 5, 1934.

*Mr. Wm. A. Sutherland,* with whom *Messrs. Joseph B. Brennan* and *Samuel Nesbitt Evins* were on the brief, for petitioner.

*Assistant to the Attorney General Stanley,* with whom
*Solicitor General Biggs, Assistant Attorney General
Wideman,* and *Messrs. James W. Morris* and *J. Louis
Monarch* were on the brief, for the United States.

MR. JUSTICE CARDOZO delivered the opinion of the
Court.

A question of limitation, similar to the one considered
in our opinions in Nos. 37 and 39, and in Nos. 35 and 36,
comes up for decision here. [*Zellerbach Paper Co.* v.
*Helvering, ante,* p. 172, and *National Paper Products Co.*
v. *Helvering, ante,* p. 183.]
The petitioner filed a return on May 28, 1918 under
the Revenue Act of 1917 for the fiscal year ending March
31, 1918. The Revenue Act of 1918 (40 Stat. 1057) be-
came a law on February 24, 1919, with retroactive pro-
visions as of January 1, 1918. Thereafter the petitioner
filed an additional return in accordance with Treasury
Decision 2797 (approved March 11, 1919 and quoted in
our opinion in Nos. 37 to 39), showing an additional tax
of $50,638.75. The Act of 1918 provides (§ 250d) that
except in the case of fraud, "the amount of tax due
under any return shall be determined and assessed by the
Commissioner within five years after the return was due
or was made." See also § 250d, Revenue Act of 1921. A
deficiency assessment was imposed in May, 1921, which
is admitted to have been timely, and another on May 26,
1926, which is contested as too late. There is also a con-
test in respect of both deficiencies growing out of delay
in the collection. True, written waivers were in existence,
adequate in form, which extended the date for assess-
ment and collection until December 31, 1926. The tax-
payer asserts, however, that they were procured by mis-
representation and signed without authority, and must
therefore be ignored.

In an action to recover the tax paid by the petitioner under the two assessments in controversy, the District Court held (1) that irrespective of any waiver the term of limitation ran from the date of the additional return, and (2) that the waivers were valid and binding. 3 F. Supp. 508. On the authority of decisions in the Ninth Circuit (*Zellerbach Paper Co.* and *National Paper Products Co.* v. *Commissioner,* 69 F. (2d) 852, 857), the Court of Appeals for the Fourth Circuit affirmed ruling No. 1 and did not pass upon the correctness of ruling No. 2. 70 F. (2d) 102.

For the reasons stated in our opinions in Nos. 37 to 39, and in Nos. 35 and 36, the first ruling is erroneous. The second ruling we do not consider, the question of the validity of the waivers being still open for determination in the court below.

The decree should be reversed, and the cause remanded to the Court of Appeals for the Fourth Circuit for further proceedings in accordance with this opinion.

*Reversed.*